UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. EGGMANN, in his capacity as Trustee of the Estate of Joseph W. Diekemper and Margaret A. Diekemper,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RICHARD MYERS, a natural person, LEFEVRE OLDFIELD MYERS APKE & PAYNE LAW GROUP, LTD., an Illinois corporation, JOSEPH W. DIEKEMPER, a natural person, MARGARET A. DIEKEMPER, a natural person, and RAY L. HOLCOMB, a natural person,<br><br>Defendants. | Case No. 08-cv-757-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Dismiss Party (Doc. 22) filed by Defendants James Richard Myers (Myers) and LeFevre Oldfield Myers Apke & Payne Law Group, Ltd. (LOMAP). Plaintiff has responded (Doc. 27). The time for further response has passed. For the following reasons, the Court DENIES the Motion.

### **BACKGROUND**

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007).

Defendants Myers and LOMAP were retained as counsel for Defendants Margaret A.

Diekemper and Joseph W. Diekemper to assist them in filing for bankruptcy. On May 21, 2004, the Diekempers filed a voluntary petition for reorganization pursuant to the provisions of Chapter 12 of the United States Bankruptcy Code, 11 U.S.C. §§ 1201-1231. Upon filing the petition, the Diekempers became Debtors-in-Possession (DIPs) of the estate, charged with all the same functions and duties (with exceptions not relevant here) of a trustee serving the estate under Chapter 11.

Only "family farmers" qualify for reorganization pursuant to Chapter 12. A "family farmer" is defined by the Bankruptcy Code as "an individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000." Because the Diekemper's aggregate debts of over $4,900,000 exceeded this amount, they did not qualify for reorganization under Chapter 12. On May 31, 2004, the Diekempers, Meyers and LOMAP filed an Application to Employ Attorney, asking the bankruptcy court to appoint Meyers and LOMAP as counsel for the DIPs. As appointed counsel, Myers and LOMAP would be charged with assisting the DIPs in carrying out their duties to the estate and their duties as fiduciaries of the estate's creditors. Both DIPs and the attorneys assisting them must be disinterested persons not having "an interest materially adverse to the interest of the estate or of any class of creditor." 11 U.S.C. § 101(14), 11 U.S.C. § 328-29. Pursuant to the Application to Employ Attorney, the bankruptcy court appointed Myers and LOMAP to represent the Diekempers as DIPs.

According to the Complaint, the Diekempers, aided by Myers and LOMAP, engaged in numerous acts designed to conceal from the bankruptcy court the fact that reorganization under Chapter 12 was not proper, in order to gain time to conceal and convert assets of the estate. Additionally, as counsel for the DIPs under Chapter 12, Myers and LOMAP applied for fees and expenses to be paid out of the assets of the estate. According to the Complaint, Myers and

2

LOMAP advised the bankruptcy court that they had earned the fees by doing work that, in fact, had never been done. Based on these representations, the bankruptcy court allowed the fees to be taken, resulting in a depletion of the estate.

On July 7, 2004, the matter was converted to a reorganization pursuant to Chapter 11 of the Bankruptcy Code. The Diekempers remained as DIPs for the estate. Myers and LOMAP continued on as counsel for the DIPs. Again, according to the Complaint, the Diekempers, aided by Myers and LOMAP, engaged in numerous acts designed to conceal from the bankruptcy court the fact that reorganization under Chapter 11 was not proper, in order to gain time to conceal and convert assets of the estate. Myers and LOMAP again received fees and expenses paid out of the assets of the estate by falsely certifying to the bankruptcy court that they had done work that was never, in fact, done.

On December 20, 2006, the action was finally converted to a Chapter 7 liquidation, the course of action alleged to have been the proper one from the beginning. By that time, the assets of the estate had been significantly depleted for the benefit of Defendants and to the detriment of the estate and its creditors.

Plaintiff was made trustee of the estate and, in that capacity, brought this action alleging that Defendants conspired to commit bankruptcy fraud, committed and aided and abetted the commission of bankruptcy fraud, and that Defendants Myers and LOMAP breached their professional duties to the estate. Defendants Myers and LOMAP brought the instant Motion to Dismiss asserting that (1) their duties ran only to the Diekempers and not to the estate, (2) as a matter of law, an attorney cannot conspire with nor aid and abet his client, and (3) that Plaintiff's Complaint fails to meet the heightened specificity requirements of Rule 9 of the Federal Rules of Civil Procedure. The Court will address these arguments in reverse order.

ANALYSIS

I.      **Complaint Meets the Pleading Requirements of Rule 9**

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Kolupa*, 438 F.3d at 714-15; *Brown*, 398 F.3d at 908. There is an exception to this general rule, however, regarding allegations of fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b). The "circumstances constituting fraud" must include the "who, what, when, where and how: the first paragraph of any newspaper story.*" DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Here, in a twenty-eight page complaint, Plaintiff has made detailed allegations describing exactly which statements made by the Diekempers, Myers, and LOMAP were false, the dates on which those false statements were made, how the false statements were made, and to whom they were made. Paragraph 49 of the Complaint is a simple example. It reads: "The Application to Employ [Attorney] (alleged in paragraph 14 to have been filed by the Diekempers, Myers, and LOMAP with the bankruptcy court on May 31, 2004) was false and misleading in concealing that Jansen, a creditor, and Holcomb, Diekempers' accountant, were clients of LOMAP."

All the required circumstances constituting fraud are included in the above example. Who? The Diekempers, Myers, and LOMAP. What? Stated they were disinterested when they were not. When? On May 31, 2004. Where? In the bankruptcy court. How? By filing the Application to Employ Attorney. It is only one of numerous bankruptcy court filings alleged by

Plaintiff to be false. The Complaint states the dates of the filings, the names of the Defendants who made the filings, and in what ways the filings were misleading or false. The Complaint, as permitted by Rule 9, states generally that Defendants knew the filings to be false. The Court rejects Defendants's argument that these allegations fall below the requirements of Rule 9. Furthermore, the Court rejects Defendants's unsupported assertion that Rule 9 requires the plaintiff to explain how he calculated the amount of damages he seeks to recover.

## II. Attorneys Can Conspire With or Aid and Abet Clients

Myers and LOMAP argue that, as the attorneys, and thus the agents, of the Diekempers, Myers and LOMAP are incapable as a matter of law of conspiring with or aiding and abetting the Diekempers.

While normally an agent is not liable for the conduct of her principal, he is liable for his own torts. *Goldstein v. Scott*, 439 N.E.2d 1039, 1044 (Ill. App. Ct. 1982), *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994). Here, Plaintiff does not seek to hold Myers and LOMAP accountable under agency theory for the wrongs of the Diekempers. Instead, Plaintiff alleges that Myers and LOMAP acted on behalf of themselves, in conjunction with the Diekempers, to conceal and deplete the assets of the estate. Among other things, the Complaint alleges that Myers and LOMAP filed false applications for fees and expenses, thereby depleting the assets of the estate for the benefit of Myers and the firm.

The Complaint also seeks to hold Myers and LOMAP accountable for the actions of the Diekempers as co-conspirators. Both Illinois and federal courts recognize that "claims for conspiracy may be maintained against attorneys where there is evidence that the attorneys participated in a conspiracy with their clients." *Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 768 (Ill. App. Ct. 2003); *Wahlgren v. Bausch & Lomb Optical Co.*, 68 F.2d 660, 664 (7th

Cir.1934) (stating, "One may not use his license to practice law as a shield to protect himself from the consequences of his participation in an unlawful or illegal conspiracy"). Furthermore, it is well established that an attorney can be held criminally responsible for aiding and abetting a client in committing bankruptcy fraud, *see, e.g., United States v. Webster*, 125 F.3d 1024, 1034-36 (7th Cir. 1997), and the Court rejects any contention that an attorney could not be held civilly responsible for the same.

Finally, the Court rejects Defendants's argument that the Complaint fails to allege specific facts from which the existence of a conspiracy may properly be inferred. The Complaint alleges in detail actions taken by Defendants, such as filing inappropriate fee applications to be paid out of the estate, seeking to collect compensation from the estate for services already paid for by stay-violators, actions taken to delay liquidation of the estate, and actions taken to conceal assets of the estate. A ready inference can be drawn from the facts alleged in the Complaint that Defendants agreed with each other to take certain of the actions to benefit the Diekempers, certain other of the actions to benefit Myers and LOMAP, and still other of the actions for the mutual benefit of all of the Defendants.

## III.     Professional Responsibility Liability

Myers and LOMAP assert that Plaintiff has essentially pled himself out of court by alleging in the Complaint that Myers and LOMAP were hired to represent the Diekempers as debtors. Myers and LOMAP argue that Plaintiff has conceded that their professional duties ran only to the Diekempers as debtors, thus Plaintiff, as trustee of the estate, is unable to state a professional responsibility claim. Central to Myers and LOMAP's argument is the assertion that they represented only the Diekempers as debtors, not the bankruptcy estate.

However, the Complaint alleges that Myers and LOMAP represented the Diekempers not

6

only as debtors, but as DIPs of the estate, and were paid from estate funds. As such, the duties of Myers and LOMAP ran to the estate to the same extent as they would if Myers and LOMAP represented the trustee of the estate. 11 U.S.C. §§ 327, 1107(a) and 1203. Therefore, the Complaint sufficiently alleges that Myers and LOMAP owed professional duties to the estate and may be liable to the estate for breach of those duties. Myers and LOMAP also argue that "the Complaint does not set forth how the Defendant [sic] allegedly breached their unspecified duties to the Plaintiff." On the contrary, the Complaint alleges in detail that Myers and LOMAP knowingly made fraudulent filings with the bankruptcy court in order to enrich Myers and LOMAP by depleting the assets of the estate, their client. There is nothing amorphous about these allegations. If true, the allegations would certainly constitute a breach of professional responsibility. That Defendants believe Plaintiff will be unable to prove these allegations to the satisfaction of the fact finder is decidedly not at issue at this stage of the proceedings. Finally, as the Court noted above, Plaintiff need not plead how he arrived at the calculation of damages, it is enough under the rule that he has made a "demand for the relief sought." Fed. R. Civ. P. 8(a)(3).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants's Motion to Dismiss (Doc. 22).

**IT IS SO ORDERED.**
**DATED: April 23, 2009**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**