IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. EGGMANN, in his capacity as Trustee of the Estate of Joseph W. Diekemper and Margaret A. Diekemper,<br><br>          Plaintiff,<br><br>vs.<br><br>JAMES RICHARD MYERS, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.:  08-cv-757-JPG-PMF<br>)<br>)<br>)<br>) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to strike affirmative defenses (Doc. No. 67, 69). The first motion seeks an order striking the following portions of the responsive pleading filed by defendant Ray L. Holcomb: the final sentence supporting affirmative defense No. 2, affirmative defense No. 3, and affirmative defense No. 4. That motion is opposed (Doc. No. 72). The second motion seeks an order striking the following portions of the responsive pleading filed by defendants James Richard Myers and LeFevre, Oldfield, Myers, Apke & Payne Law Group Ltd.: affirmative defenses 2-6. That motion is also opposed (Doc. No. 79). Replies are on file (Doc. Nos. 77, 80).

Plaintiff is asserting fraud and legal malpractice claims. Pursuant to Rule 8(c), the defendants may include in their responsive pleadings any avoidance or affirmative defense. The Court may strike any defense that is insufficient or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Although motions to strike are disfavored, they may be granted when it is appropriate to remove clutter from the case. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989). Affirmative defenses should be stricken when

they are insufficient on the face of the pleading. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

Federal rules require only a short and plain statement of the claim. Fed. R. Civ. P. 8(a). Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ (2007). Even so, the factual allegations must be enough to raise a right to relief above the speculative level. *Id*. A plaintiff who pleads facts showing that he has no viable claim may plead himself or herself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

### I.     Holcomb's Affirmative Defenses

Defense No. 1.   Although this paragraph is not challenged, the argument that a pleading is insufficient because it fails to state a claim for relief is not a proper affirmative defense. The Court will consult this pleading to ascertain the affirmative defenses which the defendants will be obligated to prove at trial. Because a Rule 12(b)(6) motion is the proper vehicle for a party to argue that the allegations fail to state a claim upon which relief should be granted, this paragraph should be stricken.

Defense No. 2.  In this defense, Holcomb claims that he is entitled to setoff for sums paid by other defendants or third parties. Plaintiff does not challenge the sufficiency of the setoff defense but maintains that Holcomb goes too far by affirmatively asserting a right to revisit court-approved compromises and settlements. The challenged sentence states that Holcomb "reserves the right to challenge any settlement on the basis that it was not made in good faith and was not reasonable or otherwise enforceable."

Plaintiff's argument is based on the inference that the only evidence that might be offered in support of Holcomb's setoff defense would involve the exclusive authority of the Bankruptcy

Court. Because the nature of the settlements that may be proved in support of this defense are not apparent from the pleading, the defense is not insufficient on the face of the pleading. Once the facts are explored in discovery, this challenge may be raised at some point in he future.

<u>Defense No. 3</u>. In this defense, Holcomb claims that the action is untimely and that relief is barred by the applicable statute of limitations. Plaintiff argues that this defense is insufficient on its face because the fraud claims (Counts 1 and 2) were commenced well within the applicable 5-year period. Holcomb suggests that his defense may be supported by facts yet to be discovered and that the challenge is also premature. A statute of limitation defense is properly pleaded as an affirmative defense. If the defense lacks factual support or legal merit, plaintiff may seek judgment in his favor by filing a well-supported motion pursuant to Rule 56. An order striking the defense is unwarranted.

<u>Defense No. 4</u>. In this defense, Holcomb argues that he is not a proper party and is not individually liable for his actions because he provided services through a separate entity. Plaintiff argues that this defense is a "red herring" and that Holcomb should not be immunized for business conducted through a corporation.

While Holcomb is free to challenge his personal liability, this is not an affirmative defense. It is an argument that his is not personally responsible for acts performed on behalf of his employer. Whether Holcomb can be liable in the first place is properly considered as an affirmative defense.

**II.    Myers and LeFevre, Oldfield, Myers, Apke & Payne Law Group Ltd.'s Affirmative Defenses**.

Before evaluating this motion, the Court notes that the plaintiff has submitted an exhibit (Doc. No. 70-2, pp. 1-3). In light of the legal standard governing the motion to strike, the exhibit

has not been considered.[1]

Defense No. 1.  Although this paragraph is not challenged, the argument that a pleading is insufficient because it fails to state a claim for relief is not a proper affirmative defense.  Because a Rule 12(b)(6) motion is the proper vehicle for a party to argue that the allegations fail to state a claim upon which relief should be granted, this paragraph should be stricken.

Defense Nos. 2 and 6.  In response to the legal malpractice claim, these defendants assert the affirmative defenses of contributory negligence (Defense No. 2) and comparative fault (Defense No. 6)..  Plaintiff argues that the allegations are not adequately supported by plausible allegations of fact.  However, the defenses are supported by allegations suggesting that the plaintiff had a duty of care and breached that duty by "failing to properly monitor the bankruptcy proceedings," causing damage to the estate.  While this is not a model pleading, the Court is not persuaded that additional facts must be plead in order to state these affirmative defenses.

Plaintiff also argues that one or the other defense is not cognizable in these circumstances.  While the evidence may ultimately show that one of these defenses lacks substantial merit for the reasons proposed, the argument is based on facts outside of the pleading and may only be evaluated at a later date in the context of a Rule 56 motion.  The viability of the defense is likely governed by Illinois law, which has recognized both defenses in professional negligence cases based on economic loss.  *Orzel v. Szewczyk*, 908 N.E.2d 569 (Ill. App. 2009); *Board of Trustees of Community College Dist. No. 508, County of Cook v. Coopers & Lybrand*, 803 N.E.2d 460 (Ill. 2003).  As such, the defenses are not insufficient on the face of the pleading.

Defense Nos. 3, 4 and 5.  Also in response to the legal malpractice claim, these defendants assert the affirmative defense that plaintiff's own conduct was the sole proximate cause of the

---

[1] Because the exhibit is not considered, the motion to strike has not been converted to a Rule 56 motion.  *See* Fed. R. Civ. P. 12(d).

alleged injury to the bankruptcy estate (Defense No. 3), that the defendants had a right and obligation to believe information provided by their clients (Defense No. 4), and that the intervening criminal conduct of others was the sole proximate cause of plaintiff's injuries (Defense No. 5). While these defendants are free to assert all of these arguments in contesting their liability on Count III, none of these claims state affirmative defenses. Each is a reason why a jury might find that plaintiff has not proved the duty and proximate cause elements of the legal malpractice claim. *See Resolution Trust Corp v. KPMG Peat Marwick*, 845 F.Supp. 621, 625 (N.D. Ill 1994); *First National Bank of LaGrange v. Lowrey*, 872 N.E.2d 447 (Ill. App. 2007).

IT IS RECOMMENDED that the motion to strike some of the affirmative defenses filed by defendant Ray L. Holcomb (Doc. No. 67) be GRANTED in part and DENIED in part. The following affirmative defense in Document No. 65 should be stricken: 1.

IT IS FURTHER RECOMMENDED that the motion to strike some of the affirmative defenses filed by defendants James Richard Myers and LeFevre, Oldfield, Myers, Apke & Payne Law Group Ltd. (Doc. No. 69) be GRANTED in part and DENIED in part. The following affirmative defenses in Document No. 55 should be stricken: 1, 3, 4, and 5.

SUBMITTED:  September 24, 2009 .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**