UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. EGGMANN, *in his capacity as Trustee of the Estate of Joseph W. Diekemper and Margaret A. Diekemper*,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES RICHARD MYERS, *et al.*,<br><br>    Defendants. | Civil Case No. 08-cv-757-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") (Doc. 81) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part Plaintiff Robert Eggman's Motions to Strike (Docs. 67, 69). The time for objections has passed, and no objections have been filed.

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Since no objections were filed, the Court has reviewed Magistrate Judge Frazier's R&R for clear error.

The Court first notes that, in not converting the motion to strike to a Rule 56 motion, Magistrate Judge Frazier correctly disregarded Eggmann's attached exhibits. Magistrate Judge Frazier took up Defendants' "failure to state a claim" affirmative defense *sua sponte*. The

proper vehicle for such a "defense" is a motion to dismiss; as such, its inclusion as an affirmative defense is justifiably stricken.  With respect to Defendant Ray Holcomb, Magistrate Judge Frazier recommends continuance of Holcomb's "setoff" and statute of limitation defenses in light of the little discovery that has been conducted.  This is proper, as the validity of such defenses cannot yet be assessed at this stage in the proceedings.  However, Magistrate Judge Frazier should have recommended striking Holcomb's fourth affirmative defense, wherein he asserts that Eggmann cannot recover from him individually because his services were provided through a separate entity.  This "defense" represents mere argument and will be stricken.

Regarding Defendants James Richard Myers and Lefevre, Oldfield, Myers, Apke & Payne Law Group, Ltd., Magistrate Judge Frazier correctly recommends that the defenses of contributory and comparative fault should continue, as Illinois law recognizes both in professional negligence cases based on economic loss.  *See Orzel v. Szewczyk*, 908 N.E.2d 569 (Ill. App. 2009); *Bd. of Trs. of Cmty. Coll. Dist. No. 508, County of Cook v. Coopers & Lybrand*, 803 N.E.2d 460 (Ill. 2003).  He also rightly recommends striking three affirmative defenses, listed *infra*, that present mere argument concerning duty and proximate cause.

In conclusion, the Court has reviewed the entire file and finds that the R&R is not clearly erroneous, excepting Holcomb's fourth affirmative defense, which will be stricken.  Accordingly, the Court hereby **ADOPTS in part** the R&R (Doc. 81).  The Court **GRANTS in part** and **DENIES in part** Eggman's Motions to Strike (Docs. 67, 69).  Specifically, the Court **STRIKES** the following affirmative defenses regarding Counts I-III contained within Defendant Ray Holcomb's Amended Answer (Doc. 65):

> 1. By way of further answer and as an affirmative defense, Holcomb states that Plaintiff has failed to state a claim upon which relief can be granted; and

>4. By way of further answer and as an affirmative defense, Holcomb states that he is not the properly named party in this case and, therefore, plaintiff cannot recover from Holcomb, individually.  Holcomb's services were provided through a separate entity.

In addition, the Court **STRIKES** the following affirmative defense regarding Counts I-III contained within Defendants James Richard Myers and Lefevre, Oldfield, Myers, Apke & Payne Law Group, Ltd.'s Amended Answer (Doc. 55):

>1. Defendants having fully answered and by way of affirmative defense state that plaintiff has failed to state a cause of action upon which relief may be granted.

Finally, the Court **STRIKES** the following affirmative defenses regarding Count III contained within Defendants James Richard Myers and Lefevre, Oldfield, Myers, Apke & Payne Law Group, Ltd.'s Amended Answer (Doc. 55):

>3. Defendants having fully answered and by way of affirmative defense state that plaintiff's own conduct was the sole proximate cause of the alleged damages in failing to properly monitor the bankruptcy proceedings as required as trustee;
>
>4. Defendants having fully answered and by way of affirmative defense state that defendants had every right and obligation as attorneys for the Diekempers to believe the information provided by their clients, Margaret and Joseph Diekemper, was true and accurate; and
>
>5. Defendants having fully answered and by way of affirmative defense state that plaintiff's damages were the sole result of the criminal conduct of others including but not limited to Joseph Diekemper and/or Margaret Diekemper or intervening acts of others and therefore, plaintiff is precluded from recovering against these defendants.

**IT IS SO ORDERED.**
**DATED: October 27, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
